IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DEBBIE VINCENT                                                              PLAINTIFF

V.                              CASE NO. 3:20-CV-133-BD

ANDREW SAUL, Commissioner,
Social Security Administration                                          DEFENDANT

## ORDER

### I.   Introduction:

On July 17, 2017, Debbie Vincent applied for disability income benefits, alleging

disability beginning September 25, 2015. (Tr. at 10) Her claims were denied both initially

and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge

(ALJ) denied the application. (Tr. at 18) Ms. Vincent requested that the Appeals Council

review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's

decision stands as the Commissioner's final decision. Ms. Vincent filed this case seeking

judicial review of the decision denying her benefits.[1]

### II.   The Commissioner's Decision:

The ALJ found that Ms. Vincent had not engaged in substantial gainful activity

since the alleged onset date of September 25, 2015. (Tr. at 12) The ALJ determined that

Ms. Vincent had the following severe impairments: degenerative joint disease of the left

knee, right hip, and status post left hip arthroplasty in 2014. *Id*.

---

[1] The parties consented to proceed before a magistrate judge. (Doc. No. 4)

After finding that Ms. Vincent's impairments did not meet or equal a listed impairment (Tr. at 14), the ALJ determined that Mr. Vincent had the residual functional capacity (RFC) to perform work at the light exertional level, with limitations: she could never climb ladders, ropes, or scaffolds, and could only occasionally climb ramps or stairs; she could only occasionally crouch, kneel, and crawl; and, she must avoid concentrated exposure to extreme cold and excessive vibration. (Tr. at 15)

At this point in his decision, the ALJ's analysis becomes murky. He found that Ms. Vincent had past relevant work as a mail clerk and a products assembler, as well as a machine operator. (Tr. at 17–19) The record does not contain evidence that she worked as a machine operator. (Tr. at 49, 179) After questioning the VE, the ALJ determined that Ms. Vincent could return to past relevant work as a mail clerk and products assembler. Then, after questioning the VE about other available work in the national economy, the ALJ wrote: "I find that the claimant is able to perform work as a front desk clerk," a job not suggested or discussed by the VE, and a job not mentioned in the hearing transcript. (Tr. at 18) The ALJ determined that Ms. Vincent was not disabled, although it is unclear if he based that on his finding about past work or other work in the national economy. *Id.*

### III.  **Discussion**:

A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d

922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.    Ms. Vincent's Arguments on Appeal

    Ms. Vincent maintains that the Commissioner's adverse decision is not supported by substantial evidence. She argues that the RFC for light work outstripped her abilities and that the ALJ should have further developed the record. Because the ALJ's analysis at steps four and five was insufficient and confusing, reversal is required. Ms. Vincent did suffer from hip and knee problems, and she alleged mental impairments. The record reflects some treatment for her impairments, but it is not evident that her conditions are as disabling as she alleges.

    Nevertheless, the ALJ's errors in his execution of the five-step analysis require reversal. First, the ALJ listed the job of machine operator as Ms. Vincent's past relevant work despite the fact that neither Ms. Vincent nor the VE indicated that she had worked such a job. (Tr. at 17, 44–50, 179) Also, the *Dictionary of Occupational Titles* (DOT) code for machine operator does not match either of the codes for the other jobs identified by the VE as past relevant work. (Tr. at 17, 18) This raises questions about the ALJ's step four determination about past work, and brings into question whether he understood the

3

requirements for Ms. Vincent's past work and whether he properly relied on VE testimony at step four.

Often an ALJ will proceed past step four, even if a claimant can perform past relevant work, to show that there is work in the national economy that the claimant could perform given her RFC, age, education, and work experience. See 20 C.F.R. § 404.1520(g). The ALJ must support a step-five decision with VE testimony: that is, the ALJ must ask a VE hypotheticals fitting the claimant's profile to see whether she could perform other work. *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). The ALJ in this case proposed a second hypothetical focusing on work at the sedentary exertional level; and, the VE opined that Ms. Vincent could not return to past work at that exertional level. (Tr. at 50–52) The ALJ followed with a confusing question: "Would there be any transferable skills from past work into any occupation that would fit that profile?" *Id*. It is unclear whether the ALJ meant jobs at the light or sedentary level. In any event, the VE stated that no jobs would be available. *Id*.

Without the required evidence upon which to base his assertion, the ALJ concluded that Ms. Vincent could perform work as a front desk clerk, seemingly pulling a that job possibility from the ether. The VE never mentioned a front desk clerk position. (Tr. at 50–51) The ALJ did not list the associated DOT code or exertional level for front

4

desk clerk, likely because that is information that a VE would normally provide upon proper questioning.[2]

When the ALJ decided that Ms. Vincent was not disabled, he did not indicate whether that determination was based on his step four or step five conclusion. (Tr. at 18) Again, at step five, he discussed a job that was not mentioned by the VE. These step four and step five errors lead to confusion within the decision, and the Court cannot discern a proper foundation for the ALJ's conclusions. For that reason, reversal is required.

## IV.   <u>Conclusion</u>:

The ALJ's decision is not supported by substantial evidence in the record as a whole. The ALJ did not perform the proper analysis at step four or step five. Therefore, the decision must be, and hereby is, REVERSED and REMANDED for further review.

IT IS SO ORDERED, this 26th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] The ALJ simply writes, "Therefore, in comparing the claimant's residual functional capacity with the demands of her past relevant work, I find that the claimant is able to perform work as front desk clerk." (Tr. at 18) Front desk clerk does not match any of the past relevant jobs.